# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1012

_____

| | | |
|---|---|---|
| Kirupanathan Perinpanathan, | * | |
| | * | |
| Petitioner, | * | |
| | * | On Petition for Review of a |
| v. | * | Decision of the Board of |
| | * | Immigration Appeals. |
| Immigration and Naturalization Service; | * | |
| John Ashcroft, United States Attorney | * | |
| General, | * | |
| | * | |
| Respondents. | * | |

_____

Submitted: October 9, 2002

Filed: November 12, 2002

_____

Before HANSEN, Chief Judge, and HEANEY and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

HEANEY, Circuit Judge.


This is an immigration case in which the petitioner, Kirupanathan
Perinpanathan, seeks review of a final order of the Board of Immigration Appeals
(BIA), which found that Perinpanathan did not qualify for asylum, withholding of
removal, or relief under the Convention Against Torture. The issues before us are:
(1) whether substantial evidence supports the BIA's conclusion that the petitioner was

not credible; and (2) whether substantial evidence supports the BIA's conclusion that the petitioner failed to show that in the event he is removed to Sri Lanka, it is more likely than not that he would be tortured by a government agent. We affirm.

I.      Background

Perinpanathan is a native and citizen of Sri Lanka. In April 2000, he was apprehended by the Immigration and Naturalization Service when he attempted to enter the United States at the Minneapolis/St. Paul International Airport using a falsified Canadian passport. He was interviewed under oath by an immigration officer at the airport with the aid of an interpreter. He stated that he was a member of the Liberation Tigers of Tamil Eelam (LTTE) and that he had participated in its military activities in Sri Lanka because the LTTE was an organization that "fights for the Tamil people." He indicated that he identified with the LTTE by stating "[w]e fight against the Singhalese Army," and that he "went to the front to take the wounded from the war." He did not imply that he had been coerced by the LTTE in his decision to join the group.

Perinpanathan retained an attorney by May 2, 2000, when he had his second interview with an immigration officer for asylum pre-screening. During that interview, petitioner claimed the LTTE had coerced him into helping the group under threat of death. He also testified that the Sri Lankan government had detained and beat him. When asked about the inconsistencies in his testimony, the petitioner denied that he had changed his story, and attributed any differences to translation errors. The asylum officer referred the petitioner to immigration court for a full hearing on his claims for asylum, withholding of removal, and relief under the Convention Against Torture.

On May 15, 2000, in connection with the referral for a full hearing, the INS served Perinpanathan with a Notice to Appear, charging him with removability under

8 U.S.C. § 1182 (a)(6)(C)(i), as an alien who sought to obtain admission into the United States by fraud or willful misrepresentation of a material fact. Perinpanathan appeared at a hearing before an immigration judge in June 2000 and conceded that he was removable as charged. He filed an application for asylum and withholding of removal.

A hearing on the merits of the application was held in August 2000. The presiding immigration judge concluded that the petitioner had failed to show that he was qualified for asylum or withholding of removal because he was not credible. The immigration judge believed that petitioner had changed the facts of his original admission, in which he stated that he had voluntarily assisted the LTTE, because he later learned that his affiliation with the LTTE would bar him from relief. The judge also determined that even if the petitioner had shown that he qualified for asylum, he would have denied Perinpanathan relief because he had attempted to gain admission to the United States by using a falsified passport, and because he had traveled through several other countries without applying for asylum in any of those countries.

Petitioner appealed to the BIA, which adopted most of the immigration judge's credibility findings. It remanded the case to the immigration judge to develop the record regarding the petitioner's claim under the Convention Against Torture, and specifically, to examine whether "any young Tamil has a good reason to fear torture." In a July 2001 decision, the immigration judge held that Perinpanathan had not shown by a preponderance of the evidence that he would be tortured by government officials if he returned to Sri Lanka. The immigration judge relied on testimony and extensive country condition reports in the record in reaching this conclusion. The petitioner again appealed to the BIA, which upheld the immigration judge's decision.

II.    Discussion

The BIA's determination that an alien is not eligible for asylum or withholding of deportation is reviewed for substantial evidence, and may not be overturned unless "the evidence was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997). "Under this standard, this court must determine whether, based on the record considered as a whole, the BIA's decision was supported by reasonable, substantial, and probative evidence." Kratchmarov v. Heston, 172 F.3d 551, 554 (8th Cir. 1999) (citing Hajiana-Niroumand v. INS, 26 F.3d 832, 838 (8th Cir. 1994)). This court defers to an immigration judge's credibility finding where the finding is "supported by a specific, cogent reason for disbelief." Ghasemimehr v. INS, 7 F.3d 1389, 1391 (8th Cir. 1993) (citing Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992)); see also Estrada v. INS, 775 F.2d 1018, 1021 (10th Cir.1985) ("because the immigration judge is in the best position to evaluate an alien's testimony, his or her credibility determinations are to be given much weight").

Under the Immigration and Nationality Act, the Attorney General has the discretion to grant asylum to a refugee, defined as a person who is unable or unwilling to return home "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a political social group, or political opinion." 8 U.S.C. §§ 1158(b)(1) and 1101(a)(42)(A). "In most cases, the critical inquiry is whether the applicant has a well-founded fear of future persecution upon return to his or her country." Kratchmarov, 172 F.3d at 553 (citation omitted). The applicant must demonstrate a fear that is subjectively genuine and objectively reasonable. Id. For an alien's fear of persecution to be objectively reasonable, the fear must have basis in reality and must be neither irrational nor so speculative or general as to lack credibility. 8 U.S.C. § 1101(a)(42)(A). "The applicant is entitled to a presumption of a well-founded fear of future persecution if past persecution is established, and the burden then shifts to the INS to show by a

preponderance of the evidence that 'conditions in the applicant's country . . . have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if he or she were to return.'" Id., citing Cigaran v. Heston, 159 F.3d 355, 357 (8th Cir. 1998).

Perinpanathan has presented the following evidence to support his request for asylum: He claims that he was harmed by the Sri Lankan Army when troops rounded people up in his village to determine if anyone was an LTTE member or supporter; that his father was shot and killed by the Sri Lankan army in front of his mother and brother; that he was detained and beaten repeatedly by the Sri Lankan government; and that he was forced to assist the LTTE. When he refused to help the LTTE in May 1997, the organization tore up his National Identity card. He claims that if he returns to Sri Lanka, a government agent will take Perinpanathan to "the fourth floor," apparently the location where Tamils are tortured.

Petitioner has failed to provide documentary evidence to support his identity, race, nationality, membership in a particular social group, and political opinion. He has not presented the temporary identity card issued to him in Sri Lanka, his father's death certificate, nor his Sri Lankan passport, documents he claimed to have had in his possession. As a result, he has also failed to show that his fear of persecution is objectively reasonable. Perinpanathan's conflicting testimony regarding his involvement with the LTTE, whether he and family members had been beaten and tortured by government forces, and whether he knew he was traveling illegally to the United States raises questions about, and undermines, his credibility. His failure to authenticate any of his testimony in general further weakens his case. We are required to give the immigration judge's credibility finding "much weight." Hajiani-Niroumand v. INS, 26 F.3d 832, 838 (8th Cir. 1994). We affirm the BIA's decision that the substantial evidence shows that petitioner is lacking in credibility.

Furthermore, if Perinpanathan provided "material support" to the LTTE, which is listed by the Department of State as a foreign terrorist organization, he is barred from claiming asylum and is therefore removable. See 8 U.S.C. § 1158(b)(2)(A)(v)(2000) (alien who is inadmissible or removable due to terrorist activity is ineligible for asylum); 8 U.S.C. § 1182(a)(3)(B)(i)(I)(2000) (alien who has engaged in a terrorist activity is inadmissible); 8 U.S.C. § 1182(a)(3)(iii)(2000) ("engage in terrorist activity" includes any act of terrorist activity or act that provides material support to any terrorist organization); People's Mojehedin Organization of Iran v. Albright, 182 F.3d 17, 24-25 (D.C.Cir. 1999) (holding that LTTE was properly designated as a foreign terrorist organization under 8 U.S.C. § 1189); 67 Fed. Reg. 12633 (Mar. 19, 2002) (designation of LTTE as terrorist organization subject to economic sanctions pursuant to executive order 13224 of September 23, 2001). We agree with the BIA that the substantial evidence shows that petitioner voluntarily participated in LTTE activities, and because it is a terrorist organization, he is barred from claiming asylum relief.

The inadequate and contradictory nature of petitioner's testimony supports the finding that such testimony lacks credibility. Moreover, in light of petitioner's involvement with the LTTE, the BIA properly denied petitioner asylum as a matter of discretion, even if petitioner had proven a well-founded fear of persecution. Therefore, we conclude the BIA did not abuse its discretion in denying asylum.

The burden of proof is on the applicant to establish eligibility for withholding of removal under the Convention. 8 C.F.R. § 208.16(c)(2). An applicant for protection under the Convention must establish that it is more likely than not that he or she would be tortured if returned to the proposed country of removal. Id. In determining whether an applicant is entitled to protection under the Convention, all evidence relevant to the possibility of future torture in the country of removal shall be considered, including: past torture inflicted upon the applicant; evidence that the applicant could relocate to another part of the country where he would not be

subjected to torture; mass violations of human rights; and other relevant information. 8 C.F.R. § 208.16(c)(3).  According to torture convention regulations, the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 208.18(a).

The immigration judge received and considered extensive country condition[1] information in its consideration of whether young Tamils such as Perinpanathan are in danger of torture by the government forces in Sri Lanka should they return to Sri Lanka.  The immigration judge and the BIA relied on a letter from the State Department that specifically addressed whether failed asylum seekers were vulnerable to torture upon their return to Sri Lanka.  The letter concluded that several countries and the UNHCR have monitored the return of thousands of Sri Lankans who have sought asylum, and that there is no evidence that the returnees have been tortured.

Furthermore, petitioner cannot successfully argue that he fears he will be tortured by the LTTE under the Convention Against Torture because the LTTE is an illegal terrorist organization, and its participants cannot be considered government officials.  Finally, Perinpanathan's lack of credibility and failure to document reasons why he believes he will be tortured by government officials if returned to Sri Lanka eliminate his eligibility for relief under Article 3 of the Convention Against Torture. The BIA affirmed the immigration judge's conclusion that:

---

[1]Department of State country condition reports are persuasive authority for determining whether an asylum-seeker has a well-founded fear of persecution.  See Kratchmarov, 172 F.3d 551 at 553; Kazlauskas v. Immigration and Naturalization Service, 46 F.3d 902, 906 (9th Cir. 1995) (stating that the country condition reports are "the most appropriate and perhaps the best resource" for "information on political situations in foreign nations")(quoting Rojas v. Immigration and Naturalization Service, 937 F.2d 186, 190 n.1 (5th Cir. 1991).

The respondent may have a subjective fear of being harmed amidst the general civil strife that is present in Sri Lanka today; however, the respondent has failed to show that it is more likely than not that he would be tortured by the government or someone acting on behalf of the government if he were returned to Sri Lanka. Furthermore, the respondent has failed to show he is unable to relocate to another part of Sri Lanka where it would be safer for him. Also, since the Court has already found the respondent to be not credible, the Court will not disturb the credibility finding and will again deny his application for relief under the Convention Against Torture.

In the Matter of Kirupanathan Perinpanathan, File No. A77 866 545, Supplemental Written Decision of the Immigration Judge, at 8, July 3, 2001. The BIA explained, "[i]n considering the totality of the evidence, the Board cannot exclude the possibility that the respondent will be mistreated if he returns to Sri Lanka. We are unable to conclude, however, that it is more likely than not that he will be tortured if he returns there." In re Perinpanathan Kirupanathan in Removal Proceedings, Board of Immigration Appeals Decision, December 17, 2001 at 2.

III.    Conclusion

For the reasons cited above, we affirm the BIA's decision that the substantial evidence shows that Perinpanathan is not credible and that he failed to show that he is eligible for relief under the Convention Against Torture.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-