United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60281
Summary Calendar

_____

SRISRAM AMARESEN,

      Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
No. A 75 895 937

_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sri Lankan citizen Srisram Amaresen petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge (IJ) denying his requests for asylum, withholding of deportation, and relief under the Convention Against Torture. For the following reasons, Amaresen's petition is DENIED.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, we will not disturb the administrative finding that Amaresen was noncredible as a witness.[1]  Because Amaresen was noncredible, his own statements and testimony about his individual situation may be disregarded.  Nothing in the record indicated that the Sri Lankan government systematically persecutes Tamils who are not suspected of involvement with the Liberation Tigers of Tamil Eelam (LTTE) solely by virtue of their ethnicity or by virtue of their area of origin.  Amaresen has failed to show that he is entitled to asylum or withholding of deportation.[2]

Second, regarding Amaresen's claim under the Convention Against Torture, apart from the nonconsideration of the documentary evidence of country conditions in Sri Lanka, the concerns expressed by our sister circuits in *Mansour v. INS*[3] and *Kamalthas v. INS*[4] were largely absent in Amaresen's case.  Both the IJ and BIA indicated that they realized the different analytical frameworks for asylum and Convention Against Torture claims, and the credibility determination relevant to Amaresen's asylum claim also was relevant to his Convention Against Torture claim.  Finally, while the documentary evidence in Amaresen's case indicates that torture remains an issue in Sri Lanka, the Eighth Circuit has noted that

---

[1] *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

[2] *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

[3] 230 F.3d 902 (7th Cir. 2000).

[4] 251 F.3d 1279 (9th Cir. 2001).

there is no evidence that returnees to Sri Lanka who had sought asylum are being tortured.[5]  Amaresen has failed to demonstrate that he is entitled to relief.[6]

AFFIRMED.

---

[5] *Perinpanathan v. INS*, 310 F.3d 594, 599 (8th Cir. 2002).

[6] *See Efe v. Ashcroft*, 293 F.3d 899, 906-07 (5th Cir. 2002).