# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3943

_____

| | | |
|---|---|---|
| Anibal Nufio, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of an |
| | * | Order of the Board of |
| John Ashcroft, Attorney General of the | * | Immigration Appeals. |
| United States, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: March 19, 2004

Filed: March 26, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH Circuit Judges.

_____

PER CURIAM.

Anibal Nufio, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's (IJ's) denial of his applications for asylum and withholding of removal, and for relief under the Convention Against Torture (CAT). The IJ concluded Mr. Nufio was not entitled to asylum because he had not demonstrated either past persecution or a well-founded fear of future persecution.

After careful review of the record, we deny the petition because substantial evidence on the record as a whole supports the IJ's conclusions. See Menendez-Donis v. Ashcroft, 02-3692, 2004 WL 307451, at *3 (8th Cir. Feb. 19, 2004) (standard of review). Mr. Nufio did not establish that two incidents of abuse occurred on account of his political opinion or any other characteristic that provides a basis for asylum, or that a visit by a member of the military or anonymous threats rose to the level of persecution. See Regalado-Garcia v. INS, 305 F.3d 784, 787-88 (8th Cir. 2002); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000). Furthermore, the government presented relevant evidence to show that the conditions in Guatemala had changed significantly following the 1996 peace accords. See Perinpanathan v. INS, 310 F.3d 594, 599 n.1 (8th Cir. 2002). We reject Mr. Nufio's arguments that the IJ erred in admitting State Department reports concerning Guatemala: it was within the IJ's discretion to accept the country reports at the time they were proffered by the government; neither the agency nor asylum applicants are entitled to cross-examine the authors of country reports; and Mr. Nufio availed himself of the opportunity to present rebuttal evidence. See Gailius v. INS, 147 F.3d 34, 46 n.7 (1st Cir. 1998).

Because Mr. Nufio did not establish a clear probability of persecution or a likelihood of torture upon his return to Guatemala, his claims for withholding of removal and relief under the CAT also fail. See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more onerous than asylum standard, and requires showing clear probability of persecution); 8 C.F.R. § 208.16(c)(2) (2003) (burden is on applicant to show it is more likely than not he would be tortured upon removal to proposed country).

_____