# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1491

_____

Federico Catalan Lamprea,      *
     *
         Petitioner,      *
     *
     v.      *    Petition for Review of an
     *    Order of the Board of
John Ashcroft, Attorney General,      *    Immigration Appeals.
     *
         Respondent.      *      [UNPUBLISHED]

_____

Submitted:   March 8, 2004

Filed:   March 29, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Federico Lamprea, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's (IJ's) denial of his applications for asylum and withholding of removal, and for relief under the Convention Against Torture (CAT). In his asylum application, Lamprea claimed that members of the New People's Army (NPA) had tortured him mentally and physically for a number of years before he came to the United States because he wanted to withdraw his financial support for their cause, and that they would kill him if he was forced to return to the Philippines.

After careful review of the record, we deny the petition because substantial evidence on the record as a whole supports the IJ's conclusions. See Menendez-Donis v. Ashcroft, 02-3692, 2004 WL 307451, at *3 (8th Cir. Feb. 19, 2004) (standard of review). The IJ concluded Lamprea was not entitled to asylum because he had not demonstrated either past persecution or a well-founded fear of future persecution. Lamprea did not establish that the abduction incident and harassment he experienced in the Philippines was on account of his political opinion or any other characteristic that provides a basis for asylum, see Regalado-Garcia v. INS, 305 F.3d 784, 787-88 (8th Cir. 2002), and the government presented relevant evidence to show that it is possible to resettle within the Philippines to avoid credible NPA threats, see Perinpanathan v. INS, 310 F.3d 594, 599 n.1 (8th Cir. 2002).

As Lamprea did not establish a clear probability of persecution or a likelihood of torture upon his return to the Philippines, his claims for withholding of removal and relief under the Convention Against Torture also failed. See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more onerous than asylum standard, and requires showing clear probability of persecution); 8 C.F.R. § 208.16(c)(2) (burden is on applicant to show it is more likely than not he would be tortured upon removal to proposed country).

Accordingly, we deny the petition.

_____