# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3144

_____

| | | |
|---|---|---|
| Merian Cowens, formerly known as Meriam Semon, | * * * | |
| Petitioner, | * * | |
| v. | * * * | On Appeal from the Board of Immigration Appeals. |
| John Ashcroft, Attorney General of the United States of America, | * * * * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: July 22, 2004
Filed: August 13, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Merian Cowens is a twenty-four-year-old single female, who is a native and citizen of Ethiopia. She left Ethiopia and entered the United States illegally on or around December 15, 1998. Petitioner claims that she and her family have been persecuted because they are Eritrean and because of her father's role in the war between Ethiopia and Eritrea. Removal proceedings were commenced on April 13, 2001. At the Master Calendar hearing on June 19, 2001, Cowens was found removable, but the hearing was continued for consideration of her application for asylum, withholding of removal, and relief under the Convention Against Torture.

After an evidentiary hearing, the Immigration Judge ("IJ") denied the requested relief, finding that Petitioner had not provided sufficient credible evidence to support her claims. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which summarily affirmed.

We review the BIA's decision for substantial evidence, see INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992), and will reverse only if the evidence was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84. We "defer[] to an immigration judge's credibility finding where the finding is supported by a specific, cogent reason for disbelief." Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002) (quotations and citation omitted).

On appeal, Petitioner argues that the IJ's credibility finding rested on broad assumptions and that he did not give specific, cogent reasons to support his finding. Petitioner also argues that the IJ erred in holding that she had not met her burden of proof through the introduction of corroborating evidence. She insists that corroborating evidence was not needed and that she provided sufficient evidence to establish her eligibility for asylum, withholding of removal, and relief under the Convention Against Torture.

After reviewing the record, however, we find that the IJ's decision denying Petitioner relief was supported by substantial evidence. Regarding credibility, the IJ gave specific, cogent reasons for his disbelief, noting a number of inconsistencies and implausibilities in Petitioner's testimony and other evidence, including: 1) that her birth certificate was a counterfeit or forgery; 2) that she was inconsistent regarding whether it was one or two men who raped her; 3) that she was inconsistent regarding when her boyfriend died; 4) that it was implausible that she traveled from Ethiopia to the United Kingdom to Mexico and then to the United States without ever being asked any questions regarding her lack of documentation or her identity; 5) that she

had made absolutely no effort to contact her mother and uncle, her closest living relatives, who could give corroboration to her story and identity; and 6) that one of her recent applications for employment contained information that contradicted her testimony. We also find that, when confronted with these inconsistencies and implausibilities, Petitioner's explanations were not always convincing.[1]

Likewise, the IJ did not err in finding that the Petitioner failed to provide sufficient corroborating evidence. While Petitioner is correct to point out that credible testimony supported by reasonable explanations for lack of corroborative evidence can sustain a claim for asylum, see Diallo v. INS, 232 F.3d 279, 289-90 (2d Cir. 2000), it was precisely because Petitioner's testimony contained so many inconsistencies and implausibilities that the IJ sought additional evidence to corroborate her story. See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004). The IJ was therefore correct to hold that Petitioner failed to meet her evidentiary burden to establish eligibility for asylum or other relief.

Accordingly, Cowens's petition for review is denied.

_____

---

[1]For instance, when confronted with her inconsistent testimony regarding when her boyfriend died (she testified that it was the day after the attack but her asylum application said it was "a few weeks" after the attack), she explained that her boyfriend had died the day after the attack, but she did not find this out until she spoke to the boyfriend's father a few weeks after the attack. However, this does not explain why her asylum application, filed many months after the attack, would contain the statement that the boyfriend had died "a few weeks" after the attack.