# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4123

_____

| | | |
|---|---|---|
| Vladimir Obleshchenko; Natalia Obleshchenko; Yekaterina Obleshchenko; Yelena Obleshchenko, | * * * * | |
| Petitioners, | * * | |
| v. | * * * | Petition for Review of a Decision of the Board of Immigration Appeals. |
| John Ashcroft, Attorney General of the United States of America, | * * * | |
| Respondent. | * | |

_____

Submitted: October 18, 2004
Filed: December 20, 2004

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Vladimir Obleshchenko, his wife, and his children petition for review of an order of the Board of Immigration Appeals (BIA) upholding the denial by an immigration judge (IJ) of the Obleshenkos' applications for asylum and withholding of deportation. The Obleshchenkos argue that their counsel for the hearing before the IJ provided them with ineffective assistance and that the IJ's decision on the merits was incorrect. We affirm.

I.

Because deportation proceedings are civil and not criminal, the only possible ground for a claim of ineffective assistance of counsel in the current circumstances is the fifth amendment's due process clause. *Nativi-Gomez v. Ashcroft*, 344 F.3d 805, 807 (8th Cir. 2003). But in order for such a claim to succeed, the Obleshchenkos must have "a protected liberty or property interest," which cannot be found in "statutorily created relief that is subject to the unfettered discretion of a governmental authority." *Id.* at 808-09. The statute in effect when the Obleshchenkos applied for asylum provided that, even if they qualified as refugees, the Attorney General still had discretion to deny them asylum. 8 U.S.C. § 1158 (1994); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 428 n.5 (1987). Thus, they had no right to effective assistance with respect to their asylum claim.

Withholding deportation is another matter entirely, because deportation must be withheld if the Obleshchenkos' "li[ves] or freedom would be threatened" in the Ukraine "on account of ... religion," 8 U.S.C. § 1253(h)(1) (1994), and therefore they have a liberty interest in having their deportation withheld. We have serious doubts, however, that a fifth amendment right to counsel exists in civil deportation proceedings. Constitutional rights are rights against the government; that is, they ensure that the government will not act in a certain way. Because this is necessarily as true of rights secured by the fifth amendment as it is of any other constitutional right, we find it difficult to see how an individual, such as the Obleshchenkos' attorney, who is not a state actor, can deprive anyone of due process rights.

We are aware, however, that other circuits have held that due process can be violated by the ineffective assistance of counsel at deportation or exclusion proceedings, *see, e.g.*, *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 131-32 (3d Cir. 2001); *Lozada v. INS*, 857 F.2d 10, 13-14 (1st Cir. 1988), and the government has not argued to the contrary. We therefore assume without deciding that the Obleshchenkos had

a right to have their counsel effectively represent them in their withholding-of-deportation claim. *Cf. Nativi-Gomez*, 344 F.3d at 808 n.1.

In order to prevail on a due-process ineffective-assistance claim, the Obleshchenkos must establish that they were prejudiced by counsel's performance, *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993) (per curiam); *Matter of Lozada*, 19 I. & N. Dec. 637, 638, 640 (BIA 1988), by showing that their attorney's performance was so inadequate that it " 'may well have resulted in a deportation that would not otherwise have occurred.' " *See United States v. Torres-Sanchez*, 68 F.3d 227, 230 (8th Cir. 1995) (quoting *United States v. Santos-Vanegas*, 878 F.2d 247, 251 (8th Cir. 1989)); *see also Al-Khouri v. Ashcroft*, 362 F.3d 461, 466 (8th Cir. 2004). We believe that this standard is akin to the requirement under the sixth amendment that there be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

To determine whether the Obleshchenkos have demonstrated prejudice, we ask whether there is a reasonable probability that the IJ would have altered his judgment had the Obleshchenkos been represented by what they consider competent counsel. As the IJ's order indicates, the biggest obstacle for the Obleshchenkos in proving that they faced religious persecution was the absence of a claim of religious persecution in their asylum application and the absence of corroborating evidence of religious affiliation. According to the Obleshchenkos, competent counsel would have built a record before the IJ that included both an amended application for asylum on the basis of religious persecution and evidence corroborating the Obleshchenkos' Baptist affiliation.

Even if the record had included this evidence, however, our confidence in the IJ's decision would not have been undermined, because the weight of two items of

evidence that supported the IJ's decision would not change materially. First, when asked at his deportation hearing to explain why his asylum application never mentioned the religious persecution to which he testified at the hearing, Mr. Obleshchenko gave three different answers, casting doubt on his credibility. Revealingly, not once did Mr. Obleshchenko blame his attorney for failing to file a revised application. Instead, he maintained that he misunderstood the application, was afraid to reveal the information (even though he showed no hesitation at the hearing), and was waiting for a hearing before speaking about the persecution he suffered (without explaining why he thought it important to wait). Second, in reaching his decision, the IJ relied on the State Department's country report documenting the Ukrainian government's tolerance of different religions and the absence of government-sponsored religious persecution.

Furthermore, although the Obleshchenkos contend that competent counsel would have provided the IJ with corroborating evidence of their religious affiliation, the only corroborating document they filed on appeal to the BIA (where they had different representation and first raised their ineffective-assistance claim) was a letter from a Baptist pastor in the Ukraine who said that the Obleshchenkos attended his church until 1990; they did not provide any evidence of their Baptist affiliation during the years after 1990. Those later years are the most critical to this case, since during that period the Ukraine declared its independence from the communist Soviet Union and Mr. Obleshchenko was subjected to the beating that caused the Obleshchenkos to flee the Ukraine. Thus, we do not think that the letter would have swayed the IJ.

We therefore believe it reasonably plain that the IJ would have denied the Obleshchenkos' application for withholding deportation even if their counsel had acted as they assert she should have. We therefore detect no prejudice to the Obleshchenkos resulting from their counsel's performance.

## II.

We also reject the Obleshchenkos' assertion that the IJ erred in rejecting their applications.  The evidence that we have rehearsed above provided an ample basis for the result that the IJ reached.  There was substantial evidence on the record as a whole for disbelieving the Obleshchenkos' account, and the IJ gave specific, cogent reasons for his disbelief.  *See Perinpanathan v. INS*, 310 F.3d 594, 597 (8th Cir. 2002).

## III.

We therefore affirm the decision of the BIA.

_____