# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3686

_____

Saysana Naovaraj,                                        *
                                                         *
              Petitioner,                                *
                                                         *    Petition for Review of an
      v.                                                 *    Order of the Board of
                                                         *    Immigration Appeals.
Alberto Gonzales, Attorney General                       *
for the United States of America,                        *    **UNPUBLISHED**
                                                         *
              Respondent.                                *

_____

Submitted: October 21, 2004
Filed: March 16, 2005

_____

Before LOKEN, Chief Judge, MAGILL and BENTON, Circuit Judges.

_____

PER CURIAM.

Saysana Naovaraj is a 29-year-old native and citizen of Laos who applied for asylum, withholding of removal, and relief under the Convention Against Torture. Following an evidentiary hearing, the Immigration Judge ("IJ") denied relief, finding that Naovaraj failed to prove either past persecution, which he concedes, or a well-founded fear of future persecution on account of a statutorily protected ground if he is returned to Laos. The Board of Immigration Appeals affirmed the IJ without opinion. Naovaraj petitions this court for judicial review of the final order of removal. We deny the petition for review.

Naovaraj was born in 1975. Communist forces took power in Laos that year and sent his father, a sergeant in the former government's military, to a reeducation camp. Naovaraj grew up with his paternal grandparents and did not meet his father until the family obtained the father's release from prison in 1988. Naovaraj's father visited his parents and Naovaraj from time to time for the next year or two and then obtained a passport through bribery and brought Naovaraj and another son to the United States in 1990.

To be eligible for asylum, an applicant must show that he has a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion if he is returned to his native country. 8 U.S.C. §§ 1101(a)(42), 1158; 8 C.F.R. § 208.13(a). As an adult, Naovaraj must establish a personal right to asylum; he may not obtain relief as a dependent based upon his father's claim. Naovaraj's asylum claim is based on a fear that he will be persecuted because of his father's past military service and suspected support of an anti-government group. Naovaraj testified that he experienced no persecution growing up in Laos using his father's surname, and his father's parents continue to live in Laos free of persecution. However, Naovaraj's stepmother testified that, when she visited Laos in 2002, her husband's parents refused to let her stay overnight with them because she had married their son, and one of her husband's friends told her to warn him not to come back because it was not safe for him. She was also warned that it would not be safe for Naovaraj to return because Laotian law makes a child responsible for his parent's conduct if the parent cannot be located. Naovaraj's father testified that the government asked one of his brothers about the father's whereabouts on several occasions and killed the brother of one Laotian who fled the country.

To establish a well-founded fear of future persecution, an alien must show through credible, direct, and specific evidence that his fear is both subjectively genuine and objectively reasonable. Melecio-Saquil v. Ashcroft, 337 F.3d 983, 986 (8th Cir. 2003). The IJ credited Naovaraj's evidence, but found that it was too

speculative to establish that Naovaraj's fear of future persecution is objectively reasonable. Specifically, the IJ found insufficient evidence that the government would persecute or torture Naovaraj on the basis of his father's activities long ago. The IJ noted that Naovaraj's stepmother has obtained visas and made several trips to Laos under her married name of Naovaraj. The IJ cited the 2000 Department of State Country Report on Laos, which reports that many Laotians who fled the country when the communists took control have returned or visited relatives unmolested under a government policy that welcomes back virtually all those who fled. We must affirm the IJ's decision if it is supported by substantial evidence in the administrative record as a whole, that is, unless the evidence Naovaraj presented was so compelling that no reasonable fact-finder could fail to find the requisite well-founded fear of future persecution. Perinpanathan v. I.N.S., 310 F.3d 594, 597 (8th Cir. 2002).

In his petition for review, Naovaraj contends that the IJ erred in finding that he did not present sufficient evidence that his fear of future persecution is objectively reasonable. After careful review of the administrative record, we conclude that he has not satisfied our deferential standard of review. He presented no specific evidence that the government of Laos is interested in him on account of his father's political activities or service as a low-ranking member of the former government's military. The vague testimony that Laotian law might hold a child responsible for his father's activities did not establish how this law might apply to Naovaraj, nor provide any basis for finding that the government would invoke that law to punish Naovaraj at this time. Given the Department of State report that many people have returned unmolested to Laos in recent years, as Naovaraj's stepmother has done, substantial evidence supports the IJ's finding that Naovaraj does not have an objectively reasonable, well-founded fear of future persecution if he is removed to Laos. Therefore, the denial of asylum must be affirmed.

Naovaraj does not separately argue that the IJ erred in denying withholding of removal to Laos or relief under the Convention Against Torture. Because those

claims are evaluated under a more demanding standard of proof, denial of an asylum claim requires the denial of related withholding of removal and Convention Against Torture claims unless additional facts are relevant to the analysis of those claims, for example, where there is evidence the petitioner may be tortured for reasons not relevant to his asylum claim. See Habtemicael v. Ashcroft, 370 F.3d 774, 780-83 (8th Cir. 2004). As there is no such evidence in this case, the petition for review is denied.

_____