# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2823

———————

Tewodros Ysak,                        *

                                     *

     Petitioner,               *   PETITION FOR REVIEW OF AN

                                     *   ORDER OF THE BOARD OF

v.                               *   IMMIGRATION APPEALS.

                                     *

Alberto Gonzales,[1] Attorney General  *   [UNPUBLISHED]

of the United States,               *

                                     *

     Respondent.              *

———————

Submitted: June 24, 2005
Filed: July 26, 2005

———————

Before RILEY, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

———————

PER CURIAM.

Tewodros Ysak, a native and citizen of Ethiopia, illegally entered the United States and applied for asylum in June of 2000. Removal proceedings commenced and Ysak, through counsel, conceded removability, but requested relief based on asylum, withholding of removal, the Convention Against Torture (CAT), and voluntary departure. The Immigration Judge (IJ) denied all of Ysak's claims and the Board of Immigration Appeals (BIA) affirmed without opinion. Ysak petitions this court for

———————

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Fed. R. App. P. 43(c).

review of the BIA's order, and argues that the IJ erred in rejecting his claims and making adverse credibility determinations. Ysak also argues the BIA's affirmance without opinion was improper. We deny the petition.

At the hearing before the IJ, Ysak testified that he was born in Addis Ababa, Ethiopia, and that his ethnicity is Eritrean. Ysak testified that his family experienced problems related to their ethnicity after the Ethiopia-Eritrea War started in 1998. Ysak testified that his father was arrested, interrogated and tortured, and died shortly after being released. Ysak testified that he and his mother were also detained and beaten. Ysak testified that he was detained and tortured a second time, and he was treated at a hospital for five days after his release.

Ysak testified that he left Ethiopia carrying a Somalia passport with a different name. Ysak flew from Ethiopia to London then to Mexico, where he met an individual named Abdullah Ahmer. Ysak and Ahmer traveled by vehicle to the United States. Ysak then flew to Minnesota and stayed with a distant relative in Minneapolis.

After the hearing, the IJ issued an oral decision, finding Ysak removable, and denying all of his claims. Ysak appealed to the BIA. The BIA dismissed his appeal, affirming the IJ's decision without opinion. Ysak petitioned this court for review of the BIA's order. This court granted Ysak's motion to stay his removal.

When the BIA affirms the IJ's decision without opinion, this court reviews the IJ's decision as though issued by the BIA. Palomino v. Ashcroft, 354 F.3d 942, 943 (8th Cir. 2004). The IJ's decision must be reversed if the court determines the IJ's factual findings were not supported by "reasonable, substantial, and probative evidence" after considering the record as a whole. Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002). This court reviews the IJ's conclusions of law de novo,

"according substantial deference to the [BIA's] interpretation of the statutes and regulations it administers." Tang v. INS, 223 F.3d 713, 718-19 (8th Cir. 2000).

Ysak argues the IJ erred in making adverse credibility findings in denying him asylum because it is unreasonable to expect him to obtain documents to corroborate his claims. We defer to the IJ's adverse credibility findings, because it noted specific reasons for disbelief. See Perinpanathan, 310 F.3d at 597. The IJ noted that it "has serious concerns with the overall credibility" of Ysak's claims and that Ysak had failed to provide any meaningful evidence in a timely manner to corroborate his claims. The IJ also noted that Ysak's case had been pending for over two years and during that time Ysak made no effort to obtain any evidence to corroborate his testimony.

In addition, it was not, as Ysak argues, unreasonable for the IJ to ask Ysak to produce corroborating evidence, because the IJ noted that it has serious concerns with the credibility of Ysak's claims and explained that it is reasonable to expect additional corroboration in this case. See El-Sheikh v. Ashcroft, 388 F.3d 643, 647 (8th Cir. 2004). The IJ indicated, for example, that Ysak could have sought a medical evaluation in the United States to corroborate his claim of torture. In addition, the IJ noted that Ysak could have produced a letter from Mamo Abara (a friend of his father's with whom Ysak stayed with for nine months before leaving Ethiopia) or a letter from his Minneapolis relative which would have confirmed portions of his testimony.

Ysak contends he presented a medical certificate which corroborates his testimony that he was tortured and shows he filed a timely asylum application. The IJ, however, refused to admit the medical certificate into evidence because the case had been pending for over two years and Ysak submitted the document in an untimely manner, submitting it the morning of the hearing. The IJ did not err in refusing to admit the untimely filed medical certificate into evidence.

We defer to the IJ's adverse credibility findings in denying Ysak asylum and determine that the IJ did not err in determining that Ysak should have provided corroborating evidence to support his claims.

Ysak also argues that the IJ erred in denying his other claims, including withholding of removal and protection under the CAT. We have carefully reviewed all of Ysak's claims and determine that the IJ did not err in denying the claims.

Finally, Ysak argues the BIA's affirmance without opinion was not proper in this case. We decline to address this issue, because this court has decided that it lacks jurisdiction to review the BIA's decision to affirm without opinion. See Ngure v. Ashcroft, 367 F.3d 975 (8th Cir. 2004).

Accordingly, we deny the petition.

_____