# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2402

_____

| | | |
|---|---|---|
| Zahir Omarjuma Sadik, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review |
| | * | of an Order of the |
| Alberto Gonzales,[1] Attorney General | * | Board of Immigration Appeals. |
| of the United States, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: March 7, 2006
Filed: March 28, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Tanzanian citizens Zahir Omarjuma Sadik (Sadik), his wife Maryan Badru Yisram, and their four children (collectively, the Sadiks) petition for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief

---

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

under the Convention Against Torture (CAT).[2] On appeal, the Sadiks argue (1) the BIA's affirmance without opinion (AWO) procedure is arbitrary and capricious, (2) Sadik presented credible testimony of past persecution, and (3) the IJ dismissed the authenticity of a bond form and arrest warrant offered in support of the asylum application, without allowing the documents to be evaluated by the State Department.

The burden of proof is on the alien to establish refugee status, and the alien's testimony, if credible, may be sufficient to sustain this burden. See 8 C.F.R. § 1208.13(a) (2005). If past persecution is established, then an alien will be presumed to possess a well-founded fear of future persecution, unless conditions in the applicant's country have changed to such an extent that the applicant may no longer claim to have a well-founded fear of being persecuted. See id. § 1208.13(b)(1); Perinpanathan v. INS, 310 F.3d 594, 598 (8th Cir. 2002). This court must uphold factual findings if they are supported by substantial evidence in the record, meaning "the evidence must be such that it would be possible for a reasonable fact-finder to reach the same conclusions." See Menendez-Donis v. Ashcroft, 360 F.3d 915, 919 (8th Cir. 2004).

Assuming, without deciding, Sadik's testimony was credible and supported a finding of past persecution, we conclude the denial of asylum was supported by substantial evidence based on the IJ's alternative conclusion that the political changes described in the State Department's country report rebutted the well-founded fear presumption. See Perinpanathan, 310 F.3d at 598 (if alien shows past persecution, government has burden of showing conditions in the applicant's country have changed such that applicant no longer has well-founded fear of future persecution). According to the country report from 2001, the Chama Cha Mapinduzi political party

---

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).

and the Civic United Front (Sadik's party) reached an agreement designed to lay the foundation for a multiparty democracy. Further, there have been no reports of torture by police, political killings, or politically motivated disappearances, and citizens generally enjoy the right to discuss political alternatives freely. These changes rebut the well-founded fear presumption. See Awale v. Ashcroft, 384 F.3d 527, 531 (8th Cir. 2004) (rebutting presumption, government may rely on State Department country reports that demonstrate changes in country conditions negating particular applicant's well-founded fear of persecution).

We additionally note the Sadiks first entered the United States in May 1999 on six-month non-immigrant visas. In September 1999, Sadik returned to Zanzibar, Tanzania, for two weeks, for business reasons and to check on the conditions in Tanzania. In October 1999, Sadik reentered the United States as a non-immigrant visitor. In September 2000, Sadik applied for asylum. Sadik's ability and willingness to travel to Tanzania in 1999, and the uneventful visit, are further evidence rebutting the presumption of future persecution.

The Sadiks' request for withholding of removal thus fails as well, see Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding of removal standard is more difficult to meet than asylum standard), as does their due process challenge to the AWO procedure, see Ngure v. Ashcroft, 367 F.3d 975, 981-88 (8th Cir. 2004) (holding the decision whether to employ the AWO procedure in a particular case is committed to agency discretion and is not subject to judicial review).[3]

---

[3] The Sadiks present no argument on appeal regarding the denial of CAT relief; thus, we need not consider the CAT claim, see Alyas v. Gonzales, 419 F.3d 756, 760 (8th Cir. 2005), and we do not discuss it.

Accordingly, we deny the petition.  The Sadiks moved for a stay of removal before their voluntary departure period expired, and we therefore deem this court's grant of their unopposed motion to include a stay of their voluntary departure period as well.  See Rife v. Ashcroft, 374 F.3d 606, 616 (8th Cir. 2004).

_____