# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3848

_____

Gocha Kutchaidze,                            *
                                             *
              Petitioner,                     *
                                             *   Petition for Review of a Final
      v.                                      *   Decision of the Board
                                             *   of Immigration Appeals.
Alberto Gonzales, Attorney General           *
of the United States of America,             *        [UNPUBLISHED]
                                             *
              Respondent.                     *

_____

Submitted:  February 16, 2007
    Filed:  February 23, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gocha Kutchaidze (Kutchaidze), a native and citizen of the Republic of Georgia, petitions this court for review of the decision of the Board of Immigration Appeals (BIA), affirming without opinion the Immigration Judge's (IJ) denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

At his hearing before the IJ, Kutchaidze testified he was born in the Republic of Georgia and he and his parents, who still reside in the Republic of Georgia, are Jehovah's Witnesses. Kutchaidze stated he was baptized as a Jehovah's Witness as

a young boy, but he could not remember the exact date. Kutchaidze testified he and his parents have, on several occasions, suffered harm because of their religion.

Kutchaidze specifically stated that, while he was attending a religious meeting with his parents, a group of civilians attacked him in 1991. During that attack, a civilian stabbed him in the back with a knife and, as a result, he was hospitalized for three weeks. Kutchaidze testified another incident occurred in 2000, when he and others planned to participate in a gathering of Jehovah's Witnesses. Kutchaidze explained civilians confronted him and the other Jehovah's Witnesses while on a bus en route to the gathering. Kutchaidze testified these civilians threw stones at them and, as a result, he and the rest of the congregation were forced to retreat without attending the gathering. Kutchaidze reported a similar incident took place in 2001, when members of the congregation were again on a bus en route to a gathering. Kutchaidze stated he and other congregation members were beaten with sticks. The civilian attackers told Kutchaidze they would burn and kill him. Kutchaidze further testified that, on November 25, 2002, while walking home, a group of civilians told him to leave the Republic of Georgia or they would cut off his head. According to Kutchaidze, this group of civilians beat him until he lost consciousness. Kutchaidze said he decided to come to the United States after this incident.

On December 30, 2002, Kutchaidze entered the United States in Chicago, Illinois, as a non-immigrant visitor with authorization to remain in the country until March 29, 2003. The INS commenced removal proceedings against Kutchaidze on October 22, 2003. Kutchaidze conceded removability, and applied for asylum, withholding of removal, and protection under the CAT, stating he was a Jehovah's Witness and desired to practice his religion freely without harm. After a hearing, the IJ issued an oral decision finding Kutchaidze removable and denying all his claims. Kutchaidze appealed to the BIA. The BIA dismissed his appeal and affirmed the IJ's decision without opinion. Kutchaidze filed a motion to stay his removal, which this court granted. Kutchaidze also petitioned for review of the BIA's decision, arguing

the IJ erred by making adverse credibility determinations and by rejecting his requests for relief.

When the BIA affirms an IJ's decision without opinion, this court reviews the IJ's decision as though the decision were issued by the BIA. Palomino v. Ashcroft, 354 F.3d 942, 943 (8th Cir. 2004). The IJ's decision must be reversed if, after considering the record as a whole, the court determines the IJ's factual findings were not supported by "reasonable, substantial, and probative evidence." Perinpanathan v. INS, 310 F.3d 594, 597-98 (8th Cir. 2002). To be eligible for asylum, an applicant must show he has a well-founded fear of future persecution on account of his race, religion, nationality, membership in a political social group, or political opinion if he is returned to his native country. Id. (citing 8 U.S.C. §§ 1158(b)(1) and 1101(a)(42)(A)).

Kutchaidze argues the IJ, in denying Kutchaidze asylum, erred in making adverse credibility findings with respect to Kutchaidze's claim that he is a Jehovah's Witness. Here, the IJ noted, inter alia, Kutchaidze (1) had no records indicating he was baptized as a Jehovah's Witness; (2) had no letters from his family in the Republic of Georgia to confirm he is a Jehovah's Witness; (3) introduced no records from the congregation of the Jehovah's Witnesses in the Republic of Georgia confirming he is a Jehovah's Witness; (4) had not attended any meetings of the Jehovah's Witnesses while residing in the United States; and (5) had not proselytized in the United States.

However, even if we assume *arguendo*, Kutchaidze is a Jehovah's Witness, the incidents alleged by Kutchaidze fail to establish a well-founded fear of future persecution. To establish a well-founded fear of future persecution, an alien must show through credible, direct, and specific evidence that his fear is both subjectively genuine and objectively reasonable. Surya v. Gonzalez, 454 F.3d 874, 877 (8th Cir. 2006). The IJ noted Kutchaidze's parents (who provide care for Kuchaidze's infant

son) currently live in the Republic of Georgia as Jehovah's Witnesses and there is no evidence they have suffered any harm since the alleged 1991 incident. See Krasnopivtsev v. Ashcroft, 382 F.3d 832, 839 (8th Cir. 2004) ("The reasonableness of a fear of persecution is diminished when family members remain in the native country unharmed. "). In fact, as the IJ found, Kutchaidze came to the United States as a visitor in 1999 with his parents, and they never sought asylum.

Moreover, the attacks described by Kutchaidze refer to actions by private citizens, not governmental officials, which do not rise to the level of persecution required for asylum eligibility. Id. ("Harassment by private citizens does not rise to the level of persecution." (citation omitted)). Kutchaidze's claims do not establish either past persecution or a well-founded fear of future persecution on the basis of religious beliefs. Thus, the denial of asylum must be affirmed.

Likewise, the denial of Kutchaidze's requests for withholding of removal and for protection under the CAT must be affirmed. "To be eligible for withholding of removal, 8 U.S.C. § 1231(b)(3), the standard is more demanding [than the standard for asylum]." Id. at 840. "The alien must show a 'clear probability' that he or she will face persecution in the country to which he or she will be deported." Id. (citation omitted). Because Kutchaidze failed to demonstrate he is eligible for asylum, Kutchaidze's claim for withholding of removal, under a higher burden of proof, also must fail. Id.

"To qualify for relief under [the CAT], the applicant must prove that it is more likely than not that he would be tortured if returned to the proposed country of removal, considering the testimony of the applicant as to past torture, the possibility of relocation within the country, mass violations of human rights, or other relevant information regarding conditions within the country." Id. (citing 8 C.F.R. § 208.16(c)). "Torture is defined as an act by which severe pain or suffering, whether physical or mental, is intentionally inflicted, and it is an extreme form of cruel and

inhuman treatment; it does not include lesser forms of cruel, inhuman, or degrading treatment." Id. (citing 8 C.F.R. § 208.18(a)(1), (2)). We agree with the BIA and the IJ that Kutchaidze failed to show he would more likely than not be subjected to torture if returned to the Republic of Georgia. Thus, Kutchaidze's claim under the CAT must fail.

Kutchaidze also claims the IJ erred by not considering several documents relating to his hospitalization in the Republic of Georgia in 1991. However, these documents were received by the IJ six days before the removal hearing, which was in violation of the IJ's order requiring exhibits be submitted two months before the hearing. After the government objected to the admission of these documents, the IJ, noting these documents existed well before the deadline invoked by the IJ's order, ruled the documents were not timely and, thus, were inadmissible. "[T]he sole test for admission of evidence is whether it is relevant and whether its admission is fundamentally fair." Id. at 837. Here, the IJ properly excluded those documents that were submitted in violation of the IJ's order. It would be unfair to afford the government only a few days before the hearing to investigate these documents. The government was not required to seek a continuance to respond to the new evidence, thereby suffering a significant delay in the government's removal process.

However, even if these documents were admitted, the outcome of this case would not be altered. As previously stated, the incidents described by Kutchaidze cannot support a claim for asylum, withholding of removal, or protection under the CAT.

For these reasons, we deny the petition.

_____