No. 04-3798
File Name: 05a0495n.06
Filed: June 10, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MOUSSA CAMARA,                                    )
                                                  )
          Petitioner,                             )
                                                  )
v.                                                )       On Appeal from Immigration and
                                                  )       Naturalization Service
ALBERTO GONZALES, Attorney General,               )
                                                  )
          Respondent.                             )
                                                  )

Before:  MARTIN and ROGERS, Circuit Judges; MCKINLEY, District Judge.[*]

          Moussa Camara, a citizen of Mauritania currently residing in Ohio, petitions pro se for

review of an order of the Board of Immigration Appeals affirming an immigration judge's decision

denying his applications for asylum, withholding of removal, and protection under the United

Nations Convention Against Torture.  This case has been referred to a panel of the court pursuant

to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that

oral argument is not needed.  Fed. R. App. P. 34(a).

          Camara was born in Mauritania in 1972.  He was smuggled into this country in December

1997, and applied for the above relief in March 2000.  A hearing was held before an immigration

judge at which Camara testified that he had been persecuted in Mauritania on the basis of his race.

He related that soldiers came to his village in 1989 and attacked the people living there, beating

Camara's parents to death and beating him with their rifle butts.  The soldiers returned on three later

_____

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western
District of Kentucky, sitting by designation.

occasions, beating Camara each time. In 1997, he fled to Senegal, and then to this country. At the conclusion of the hearing, the IJ denied all the relief requested. Initially, he determined that Camara's application for asylum was untimely under 8 U.S.C. § 1158(a)(2) and that he had not demonstrated exceptional circumstances to excuse its untimeliness. Moreover, the IJ found that Camara was not credible and therefore had not established past persecution, and that, even if he had, conditions in Mauritania had changed such that Camara should have no reasonable fear of persecution if he returned. He therefore also denied withholding and protection under the anti-torture act. The Board of Immigration Appeals affirmed this decision without opinion.

This court granted Camara a stay of removal pending appeal. In his brief, Camara argues that exceptional circumstances excuse his late filing of his application for asylum, because he is illiterate, did not speak English, and had no family in this country to help him file an application. He also argues that the Board erred in affirming the decision of the Immigration Judge without opinion, and he reasserts the merits of his asylum and withholding of removal applications.

Initially, we note that Camara's argument challenging the Board's affirmance without opinion procedure has been rejected in *Denko v. INS*, 351 F.3d 717, 731-32 (6th Cir. 2003). The argument that the Judge erred in finding that exceptional circumstances did not excuse the late filing of the application for asylum may not be addressed. We lack jurisdiction to review a finding that an asylum application is untimely and that exceptional circumstances do not excuse the late filing. 8 U.S.C. § 1158(a)(3); *Molathwa v. Ashcroft*, 390 F.3d 551, 553 (8th Cir. 2004); *Castellano-Chacon v. INS*, 341 F.3d 533, 542-44 (6th Cir. 2003).

Moreover, the denial of the asylum application on the merits cannot be overturned unless the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003). The credibility determination may be reversed only if any reasonable adjudicator would be compelled to conclude to the contrary. *Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004). We conclude that the evidence in this case does not meet these standards. The Judge cited numerous reasons for finding Camara's testimony and his documentation lacking in credibility.

Finally, the Judge concluded that, even if Camara's testimony were believed, conditions in Mauritania have changed to such an extent since he left that he no longer has a well-founded fear of being persecuted if he returns. *Ouda*, 324 F.3d at 452; *Perinpanathan v. INS*, 310 F.3d 594, 598 (8th Cir. 2002). The State Department Country Reports indicate that the Mauritanian government's persecution of blacks during 1989 through 1991 is no longer occurring and that it is safe for refugees from that period to return. Camara's testimony also did not establish such atrocious abuse that he would be eligible for asylum based on past persecution alone. *Gonahasa v. INS*, 181 F.3d 538, 544 (4th Cir. 1999).

Having failed to establish eligibility for asylum, Camara necessarily failed to meet the greater burden of establishing eligibility for withholding of removal. *Id.* at 543 n.3. Camara has not argued his claim under the act in his brief, but he also fails to meet that more rigorous standard. *Koliada v. INS*, 259 F.3d 482, 489 (6th Cir. 2001).

The petition for review is denied.