# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1197

_____

Jesus Meraz-Reyes,                              *
                                                *
                 Petitioner,                    *
                                                *   Petition for Review of an Order of
        v.                                      *   the Board of Immigration Appeals.
                                                *
Alberto Gonzales,[1] Attorney General           *   [PUBLISHED]
of the United States of America,                *
                                                *
                 Respondent.                    *

_____

Submitted:  December 16, 2005
    Filed:  February 1, 2006

_____

Before MELLOY, COLLOTON and BENTON, Circuit Judges.

_____

PER CURIAM.

Petitioner Jesus Meraz-Reyes, a citizen of Mexico unlawfully present in the United States, conceded removability and applied for cancellation of removal under 8 U.S.C. § 1229b, or in the alternative, voluntary departure. An immigration judge denied cancellation of removal but granted voluntary departure with an alternative order of removal to Mexico. In denying cancellation of removal, the immigration

_____

[1] Alberto Gonzales has been appointed to serve as Attorney General of the United States and is substituted as the appellee pursuant to Federal Rule of Appellate Procedure 43(c).

judge found that the petitioner failed to establish that his removal would result in an "extraordinary and extremely unusual hardship" to his eight-year-old, United States-citizen child. 8 U.S.C. § 1229b(b)(1)(D). The petitioner appealed to the Board of Immigration Appeals (BIA), and the BIA affirmed.

The petitioner now appeals to our court. He concedes that courts generally lack jurisdiction to review denials of petitions for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b."); Bropleh v. Gonzalez, 428 F.3d 772, 778 (8th Cir. 2005); Halabi v. Ashcroft, 316 F.3d 807, 808 (8th Cir. 2003) (per curiam) ("The controlling statute expressly states that denials of discretionary relief, such as that under 8 U.S.C. § 1229b, are not subject to review by the courts."). He nevertheless argues that our court has jurisdiction over his case under an exception to the general rule that would permit courts to review substantial constitutional challenges to the Immigration and Nationality Act or administrative proceedings under the act. See 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."); Onyinkwa v. Ashcroft, 376 F.3d 797, 799 n.1 (8th Cir. 2004) ("Several circuits have suggested that courts retain jurisdiction to review discretionary decisions by immigration judges if a petitioner has demonstrated a substantial constitutional violation.").

Despite arguing in favor of such an exception, the petitioner does not identify any reviewable claim. He does not argue that the BIA failed to recognize its discretionary authority or that the BIA relied upon an unconstitutional, discriminatory factor when exercising its discretion. Rather, the petitioner attacks the BIA determination that the evidence failed to show an "extraordinary and extremely unusual hardship." This finding, however, is precisely the discretionary determination

that Congress shielded from our review.  "'[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.'" Id. (quoting Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001)).  Thus, we reject the petitioner's argument and find jurisdiction lacking in this case.

We deny the petition.

_____