# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3375

_____

Reflie Perti Pangau,                          *
                                              *
            Petitioner,                       *
                                              *  Petition for Review of an
      v.                                      *  Order of the Board of
                                              *  Immigration Appeals.
Peter Keisler, Acting Attorney General        *
of the United States of America,              *  [UNPUBLISHED]
                                              *
            Respondent.                       *

_____

Submitted: September 28, 2007
Filed: October 5, 2007

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Reflie Perti Pangau, an Indonesian citizen, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We deny the petition.

_____

[1]The BIA adopted and affirmed the decision of the IJ, adding its own reasoning. We therefore review both the decisions. Krasnopivtsev v. Ashcroft, 382 F.3d 832, 837 (8th Cir. 2004).

Pangau contends that he is entitled to asylum and related relief because of a well founded fear that he will be persecuted in Indonesia on account of his practice of Christianity.  In the absence of extraordinary circumstances or a change in eligibility, an applicant is not entitled to asylum unless he can demonstrate by clear and convincing evidence that his application was filed within one year of the date of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B), (D).  The BIA determined that Pangau's lack of familiarity with asylum procedures, his inability to speak English, and the fact that he did not know anyone in the United States are not the kind of extraordinary circumstances which would justify his admittedly late filing. See id. § 1158(a)(2)(D).  We lack jurisdiction to review this discretionary factual determination. Id. § 1158(a)(3); Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001). To the extent that Pangau makes a purely legal argument that the United States is obligated under international law to accept his untimely application, we reject this argument as without merit. See 8 U.S.C. § 1252(a)(2)(D) (limit on judicial review does not apply to questions of law); Purwantono v. Gonzales, No. 06-2083, 2007 U.S. App. LEXIS 19552, at *4-5 (8th Cir.  Aug. 17, 2007) (rejecting similar challenge to filing deadline).

Pangau also challenges the denial of his application for withholding of removal, which he need not have filed within one year of entry. See Molathwa v. Ashcroft, 390 F.3d 551, 553-54 (8th Cir. 2004).  The IJ determined – and the BIA affirmed – that Pangau had not established that he will more likely than not be persecuted on account of his religion if returned to Indonesia. See 8 C.F.R. § 1208.16(b).  We conclude that the decisions of the IJ and BIA are supported by substantial evidence on the administrative record as a whole.  See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review).  The IJ did not find credible Pangau's testimony about two incidents of violence at the hands of Muslim extremists in 1998, noting several omissions and unexplained discrepancies between his testimony and affidavit. We will not upset this determination. See Gemechu v. Ashcroft, 387 F.3d 944, 947-48 (8th Cir. 2004) (IJ's credibility findings are entitled to deference if supported by

specific, cogent reasons). That members of Pangau's family, also practicing Christians, live in Indonesia unharmed further undermines the reasonableness of his fear of future persecution. <u>Krasnopivtsev</u>, 382 F.3d at 839. Having found his testimony of past persecution not credible, the IJ reasonably determined that Pangau failed to establish a clear probability of persecution. <u>See</u> <u>id.</u> (noting that harassment does not constitute persecution).

Finally, Pangau argues that the BIA erred in failing to grant him deferral of removal under CAT. Relief under CAT is available only if the anticipated harm is "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Pangau failed to present evidence that the government acquiesced to the two 1998 incidents, both of which he failed to report to the authorities, or that it generally acquiesces to the torture of Christians. We cannot say that the evidence presented by Pangau, including his discredited testimony, would compel a reasonable factfinder to conclude that it is more likely than not that he would be tortured if removed to Indonesia. <u>See</u> <u>Ngure v. Ashcroft</u>, 367 F.3d 975, 992 (8th Cir. 2004) (standard of review).

Accordingly, the petition for review is denied.

_____

-3-