UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1578

DANIEL DESIRE TEBA KODJO,

                 Petitioner,

        v.

MICHAEL B. MUKASEY, Attorney General,

                 Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A74-996-440)

Submitted:  February 27, 2008        Decided:  March 10, 2008

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

Linda A. Dominguez, L A DOMINGUEZ LAW, LLC, Baltimore, Maryland,
for Petitioner.  Peter D. Keisler, Assistant Attorney General,
Michelle G. Latour, Assistant Director, Sunah Lee, Trial Attorney,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Desire Teba Kodjo, a native and citizen of the Ivory Coast, petitions for review of a decision of the Board of Immigration Appeals ("Board") affirming the immigration judge's finding that Kodjo is removable and denying his applications for cancellation of removal under 8 U.S.C.A. § 1229b(b) (West 2005 & Supp. 2007). We dismiss in part and deny in part Kodjo's petition for review.

Under 8 U.S.C.A. § 1252(a)(2)(B)(i) (West 2005), this court has no jurisdiction to review an administrative decision to grant or deny cancellation of removal under 8 U.S.C.A. § 1229b(b). See Jean v. Gonzales, 435 F.3d 475, 479-80 (4th Cir. 2006) (holding that, under § 1252(a)(2)(B)(i), (D), court has no jurisdiction over any aspects of denial of relief under § 1229b except constitutional claims or questions of law); Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision bars our jurisdiction to review a decision of the B[oard] to actually deny a petition for cancellation of removal or the other enumerated forms of discretionary relief."). Whether an alien has proved the requisite degree of hardship under § 1229b is not a constitutional claim or question of law. Barco-Sandoval v. Gonzales, __ F.3d __, __, 2008 WL 375988, at *4 (2d Cir. Jan. 25, 2008); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006); Martinez-Maldonado v. Gonzales, 437 F.3d 679, 682

(7th Cir. 2006); Martinez-Rosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir. 2005). In fact, it is the precise discretionary decision that Congress has shielded from review. Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007); Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006). Therefore, we must dismiss Kodjo's petition for review to the extent that it challenges this decision.

Under 8 U.S.C.A. § 1252(a)(2)(D), we do have jurisdiction over constitutional claims and questions of law. Kodjo asserts that he was denied due process of law because his counsel before the immigration judge rendered ineffective assistance. We find that Kodjo cannot state a colorable due process violation because he has no property or liberty interest in his request for cancellation of removal. See Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006) ("No property or liberty interest can exist when the relief sought is discretionary."), petition for cert. filed, 75 U.S.L.W. 3530 (U.S. Mar. 22, 2007) (No. 06-1285); Smith v. Ashcroft, 295 F.3d 425, 430 (4th Cir. 2002) (holding absence of liberty or property interest in the discretionary relief of waiver of deportation is "fatal to [an alien's] due process claim"). Cancellation of removal clearly is a form of discretionary relief, 8 U.S.C.A. § 1252(a)(2)(B); Jean, 435 F.3d at 479, 482, and therefore, will not support a due process claim.

Accordingly, we dismiss Kodjo's petition for review to the extent it challenges the Board's discretionary denial of cancellation of removal. We deny the petition for review as to Kodjo's due process claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART