# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3407

_____

Mwape Chibwe, also known as     *
Mwape Chibwe Stevania; Daniel    *
Stanley Kamphambale,          *
                         *
         Petitioners,       *    Petition for Review of a
                         *    Decision of the United States
    v.                    *    Board of Immigration Appeals.
                         *
Eric H. Holder, Jr.,[1] Attorney General   *
of the United States,         *
                         *
         Respondent.       *

_____

Submitted: June 8, 2009
Filed: July 2, 2009

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Mwape Chibwe, a native and citizen of Zambia, and her husband, Daniel Kamphambale, a native and citizen of Malawi, petition for review of a final order of the Board of Immigration Appeals. After the Department of Homeland Security began removal proceedings against them, *see* 8 U.S.C. § 1227(a)(1)(B), the

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for Michael B. Mukasey as Respondent.

petitioners conceded removability but sought to remain in this country by applying for asylum, *see* 8 U.S.C. § 1158(a)(1), withholding of removal, *see* 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture, *see* 8 C.F.R. § 1208.16. After a hearing, an immigration judge denied the petitioners' claims. (The IJ did grant the petitioners' motion for voluntary departure to make it easier for them to make travel arrangements because they are from two different countries and have a young child, who is a United States citizen; the BIA upheld that ruling. *See* 8 U.S.C. § 1229c(b).) The petitioners appealed to the BIA, which entered a final order upholding the IJ's decision and dismissing the appeal. Ms. Chibwe and Mr. Kamphambale petitioned this court for review, and we deny the petition.

I.

The BIA rejected the petitioners' applications for asylum as untimely. An applicant for asylum generally must show by "clear-and-convincing evidence" that he or she filed an application for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). The petitioners admittedly filed their applications long after the one-year period expired, but they argue that their circumstances brought them within a statutory exception to that deadline: The BIA "may" consider an untimely application if an alien "demonstrates to the satisfaction of the Attorney General" either "changed circumstances" that materially affect eligibility or "extraordinary circumstances" that relate to the delay. 8 U.S.C. § 1158(a)(2)(D). The IJ and BIA considered and rejected the petitioners' asserted reasons for failing to file timely applications, finding that they had not acted diligently.

We conclude that we do not have jurisdiction to review this decision. Section 1158(a)(3) states that "[n]o court shall have jurisdiction to review" the attorney general's determination that an application for asylum is untimely. Congress enacted an exception to that jurisdictional bar, however, for "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), and the petitioners maintain that their constitutional rights were violated. They maintain, without further explanation, that

-2-

the IJ's and BIA's failure to accept their asserted reasons for delay was arbitrary and capricious and therefore violated their due process and equal protection rights. But we have already rejected similar attempts to couch challenges to the BIA's exercise of its discretion in constitutional terms. *See, e.g., Manani v. Filip*, 552 F.3d 894, 900 n.3 (8th Cir. 2009); *Meraz-Reyes v. Gonzales*, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam). We note that the petitioners do not contend that the BIA was unaware of its discretionary authority or relied on unconstitutional, discriminatory considerations when exercising that discretion. *See id.* Simply put, the petitioners did not "demonstrate to the satisfaction of the Attorney General" that the agency should consider their belated applications for asylum, *see* 8 U.S.C. § 1158(a)(2)(D), and we have no jurisdiction to review that decision. *Manani*, 552 F.3d at 899-900.

II.

We reject on the merits the petitioners' request that we overturn the BIA's denial of their application for withholding of removal, which is not governed by the one-year deadline. An alien seeking the withholding of removal must demonstrate a "clear probability," *see INS v. Stevic*, 467 U.S. 407, 413 (1984), that his or her "life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). One of the grounds on which the BIA denied the petitioners' applications for withholding of removal was that petitioners had not shown a nexus between any of the five grounds enumerated in § 1231(b)(3)(A) and the alleged threat of persecution. The BIA found that the threat related instead to a personal matter: An allegedly powerful man in Zambia had had an abusive extramarital affair with Ms. Chibwe that began when she was sixteen-years-old, and the petitioners said that they feared that the man, who remained in Zambia (which borders Malawi), would exact revenge on them for Ms. Chibwe's having ended the affair and married Mr. Kamphambale.

-3-

The petitioners must carry a heavy burden to obtain reversal of the BIA's decision: We review decisions on withholding of removal under a substantial evidence standard and "will reverse only if the petitioner demonstrates that the evidence is so compelling that no reasonable factfinder could fail to find in favor of the petitioner." *Ezeagwu v. Mukasey*, 537 F.3d 836, 839 (8th Cir. 2008) (internal quotation marks and citation omitted). Congress has said that the agency's factual findings are "conclusive" unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481-84 (1992); *Ezeagwu*, 537 F.3d at 839. Here, the petitioners have completely failed to refer us to any evidence in the record to support a finding that they face a threat in either Zambia or Malawi "because of" any of the five enumerated grounds.

Although the petitioners indicated in proceedings before the IJ that they would be threatened in their countries of removal because of their "membership in a particular social group," they did not identify any particular social group to which they belong and they have not done so here. Nor have we seen anything in the record pointing to a group membership that would allegedly place them in danger if they are removed. We note that the petitioners' applications for withholding of removal reflect that they checked a box to indicate that they sought relief based on "[m]embership in a particular social group," *see* 8 U.S.C. § 1231(b)(3)(A), but then checked "No" in response to the question, "Have you or your family members ever belonged to or been associated with any organizations or groups in your home country?" Furthermore, the petitioners do not assert, and the record plainly does not support, a relationship between the alleged danger and the petitioners' race, religion, nationality, or political opinion, the only other grounds enumerated in § 1231(b)(3)(A).

Based on the evidence, we certainly cannot say that "any reasonable adjudicator would be compelled to conclude" that the petitioners faced a threat based on their

membership in a particular social group or based on any other relevant statutory ground. We are therefore obliged to deny the petition to review the BIA's decision, and we need not address the agency's additional determination that the petitioners did not offer credible evidence of a clear probability that they would be persecuted upon removal.

### III.

Although the petitioners say in their brief that they are appealing the denial of their request for relief under the Convention Against Torture, they present no argument on that issue. The contention is therefore waived. *See Averianova v. Mukasey*, 509 F.3d 890, 892 n.1 (8th Cir. 2007); *see also Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

We therefore deny the petition for review.

_____