**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1886**

COLLINS KWAKWAH AGYARE,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 7, 2010           Decided: June 1, 2010

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Tony West, Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, Judith R. O'Sullivan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Collins Kwakwah Agyare, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his application for cancellation of removal under 8 U.S.C. § 1229b(b) (2006). We dismiss the petition for review.

An alien is eligible for cancellation of removal as a battered spouse if the alien: (1) has been battered or subjected to extreme cruelty in the United States by a spouse or parent who is a United States citizen or lawful permanent resident; (2) has been continuously physically present in the United States for at least three years; (3) has been a person of good moral character during such period; (4) is not inadmissible due to the commission of specified crimes; and (5) establishes that removal would result in extreme hardship to the alien, his child, or to his parent. 8 U.S.C. § 1229b(b)(2) (2006); Stephanovic v. Filip, 554 F.3d 673, 677 n.4 (7th Cir. 2009).

In an appeal of an administrative decision to grant or deny cancellation of removal under 8 U.S.C. § 1229b(b), this court has jurisdiction only over constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D) (2006); see Jean v. Gonzales, 435 F.3d 475, 479-80 (4th Cir. 2006) (holding that, under § 1252(a)(2)(B)(i), (D), court has no jurisdiction

2

over any aspects of denial of relief under § 1229b except constitutional claims or questions of law); Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision bars our jurisdiction to review a decision of the B[oard] to actually deny a petition for cancellation of removal or the other enumerated forms of discretionary relief."). Whether an alien has proved "exceptional and extreme hardship" under § 1229b is not a constitutional claim or question of law. Barco-Sandoval v. Gonzales, 516 F.3d 35, 37-40 (2d Cir. 2008); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006); Martinez-Maldonado v. Gonzales, 437 F.3d 679, 682 (7th Cir. 2006); Martinez-Rosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir. 2005). In fact, it is the precise discretionary decision that Congress has shielded from review. Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007); Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006).

Therefore, we dismiss the petition for review from the Board's order finding Agyare failed to show his removal would cause an extreme hardship to himself or family. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

3