UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1403

GERMAN ROCAEL GONZALEZ FLORES,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 4, 2010          Decided:  November 2, 2010

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Arnedo S. Valera, LAW OFFICES OF VALERA & ASSOCIATES, Fairfax, Virginia, for Petitioner. Tony West, Assistant Attorney General, Blair T. O'Connor, Assistant Director, Joseph D. Hardy, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

German Rocael Gonzalez Flores, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. For the reasons set forth below, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2006), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. In this case, the immigration judge found, and the Board explicitly agreed, that Gonzalez Flores failed to meet his burden of establishing that his United States citizen children would suffer exceptional and extremely unusual hardship if he is returned to Guatemala. We conclude that this determination is clearly discretionary in nature, and we therefore lack jurisdiction to review challenges to this finding. See, e.g., Barco-Sandoval v. Gonzales, 516 F.3d 35, 36 (2d Cir. 2007); Memije v. Gonzales, 481 F.3d 1163, 1164 (9th Cir. 2007); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006); Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the

2

gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the BIA to actually deny a petition for cancellation of removal."). Indeed, we have concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001).

Accordingly, we dismiss the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[*] We note that Gonzalez Flores raises no colorable questions of law or constitutional claims that fall within the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals").

3