# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2905

_____

| | | |
|---|---|---|
| Nasir Mahmood, | * | |
| | * | |
| Petitioner, | * | Petition for Review of |
| | * | an Order of the Board |
| v. | * | of Immigration Appeals. |
| | * | |
| Eric H. Holder, Jr., Attorney General | * | [UNPUBLISHED] |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: February 17, 2011
Filed: February 18, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Nasir Mahmood, a citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Mahmood asserts that the IJ and BIA committed legal error and denied him due process by determining his asylum application was untimely, because he showed changed circumstances that should have excused his untimeliness. He also asserts that the IJ's adverse credibility finding is not supported by substantial evidence, and that he established eligibility for asylum, withholding of removal, and CAT relief.

As Mahmood's claim of constitutional error is without merit, we lack jurisdiction to review the BIA's determination that his asylum application was untimely and he failed to establish changed or extraordinary circumstances to excuse the time bar. See 8 U.S.C. § 1158(a)(3); Chibwe v. Holder, 569 F.3d 818, 819-20 (8th Cir. 2009).

With respect to Mahmood's request for withholding of removal and CAT relief, we conclude that his arguments related to the adverse credibility finding are irrelevant because, even if we assume the truth of his testimony, the record evidence was not so compelling that a reasonable factfinder would be bound to find the requisite probability of persecution. Thus, we conclude that the denial of withholding of removal and CAT relief is supported by substantial evidence in the record. See Ming Ming Wijono v. Gonzales, 439 F.3d 868, 872, 874 (8th Cir. 2006); compare Rashad v. Mukasey, 554 F.3d 1, 6 (1st Cir. 2009).

Accordingly, we deny the petition.

_____