**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1750**

DIL MOHAMMED,

        Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 13, 2011        Decided:  April 19, 2011

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Valentine A. Brown, DUANE MORRIS LLP, Philadelphia, Pennsylvania, for Petitioner.  Tony West, Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, Katherine A. Smith, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dil Mohammed, a/k/a Mohammed Mohiuddin, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from his order of removal. We deny the petition for review.

Mohammed asserts the immigration judge violated his rights under the Fifth Amendment Due Process Clause during the course of his merits hearing on his second application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Mohammed also alleges the immigration judge's handling of his eligibility for cancellation of removal violated due process.

With regard to the latter contention, cancellation of removal is ultimately a discretionary form of relief. See 8 U.S.C. § 1229b(b) (2006). Thus, Mohammed's due process claim predicated on this discretionary relief is not cognizable. See Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006) ("No property or liberty interest can exist when the relief sought is discretionary."), overruled on other grounds by Dada v. Mukasey, 554 U.S. 1 (2008); see also Kodjo v. Mukasey, 269 F. App'x 262, 263-64 (4th Cir. 2008) (unpublished) (finding no property or liberty interest in discretionary relief of cancellation of removal).

The remainder of Mohammed's appeal is dedicated to the purported errors in the hearing procedure relevant to his application for asylum, withholding of removal, and CAT protection, which Mohammed pursued pro se. To succeed on a due process claim in an asylum or removal proceeding, an alien must establish two closely linked elements: (1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case. Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008); Rusu v. INS, 296 F.3d 316, 320-22, 324 (4th Cir. 2002).

We have thoroughly reviewed Mohammed's assignments of error and the administrative record. Given the overwhelming nature of the Attorney General's evidence that Mohammed had previously received immigration benefits that he knew were obtained by fraud and the propriety of the immigration judge's alternative findings, we conclude that there were no defects in the hearing procedure that prejudiced Mohammed. We are also confident that the immigration judge fulfilled his obligations for conducting this pro se hearing. See In re J.F.F., 23 I. & N. Dec. 912, 922 (A.G. 2006) ("It is appropriate for Immigration Judges to aid in the development of the record, and directly question witnesses, particularly where an alien appears pro se and may be unschooled in the deportation process, but the Immigration Judge must not take on the role of advocate.").

Accordingly, we deny the petition for review substantially for the reasons stated by the Board. <u>In re:</u> <u>Mohammed</u> (B.I.A. June 4, 2010). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>