**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1728

NICOLAS MORALES,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 6, 2012        Decided:  March 15, 2012

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

H. Glenn Fogle, Jr., THE FOGLE LAW FIRM, LLC, Atlanta, Georgia, for Petitioner.  Tony West, Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, Matt A. Crapo, Trial Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicolas Morales, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. For the reasons set forth below, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2006), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. In this case, the immigration judge found, and the Board explicitly agreed, that Morales failed to meet his burden of establishing that his two United States citizen children would suffer exceptional and extremely unusual hardship if he is returned to Guatemala. We conclude that this determination is clearly discretionary in nature, and we therefore lack jurisdiction to review challenges to this finding. See, e.g., Barco-Sandoval v. Gonzales, 516 F.3d 35, 36 (2d Cir. 2008); Memije v. Gonzales, 481 F.3d 1163, 1164 (9th Cir. 2007); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006); Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the

2

gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."). Indeed, we have concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001).

Accordingly, we dismiss the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[*] We note that Morales raises no colorable questions of law or constitutional claims that fall within the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals").