# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2946

_____

Luis Alonso Martinez-Guzman,      *
                                       *

           Petitioner,          *

                                       *    Petition for Review of an Order of the
      v.                            *    Board of Immigration Appeals.

                                     *

Eric H. Holder, Jr., Attorney General   *    [UNPUBLISHED]
of the United States,                  *

                                   *

          Respondent.        *

                                   *

_____

Submitted: April 20, 2012
Filed:  May 22, 2012

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Luis Alonso Martinez-Guzman entered the United States in 1993 from El Salvador on a tourist visa and has remained here since.  In 2007, Guzman was served with a Notice to Appear, charging him with removability pursuant to the Immigration and Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).  Guzman filed petitions for asylum and withholding of removal.  The immigration judge denied Guzman's applications, finding Guzman's petition for asylum untimely and, alternatively, determining Guzman had failed to establish he had suffered from past persecution, or well-founded fear of future persecution, in El Salvador.  Because

Guzman failed to establish a claim for asylum, the immigration judge found that Guzman necessarily failed to meet the higher burden necessary to make out a claim for withholding of removal. The Board of Immigration Appeals ("BIA") affirmed, and Guzman petitions for our review of the BIA's decision.

First, we lack jurisdiction to review the BIA's determinations Guzman's asylum petition was barred as untimely filed, and Guzman failed to demonstrate changed or extraordinary circumstances which could have brought him within a statutory exception to the one-year filing deadline. See 8 U.S.C. § 1158(a)(3); Chibwe v. Holder, 569 F.3d 818, 819-20 (8th Cir. 2009).

Second, although Guzman raises two arguments we may treat as "constitutional claims or questions of law," which 8 U.S.C. § 1252(a)(2)(D) treats as exceptions to the general jurisdictional bar on our review,[1] neither are successful. We reject Guzman's claim the BIA made a mistake of law by failing to articulate a reasonable basis for affirming the immigration judge's decision. See Begna v. Ashcroft, 392 F.3d 301, 304 (8th Cir. 2004) ("[T]he BIA's use of a summary affirmance process does not itself violate petitioners' due process rights."); Molathwa v. Ashcroft, 390 F.3d 551, 553 (8th Cir. 2004) ("[T]he BIA's decision to streamline [the petitioner's] case is immune from our review. Additionally, the BIA's streamlined procedures do not violate due process."). Further, we are precluded from reviewing Guzman's alternative argument that the United Nations Protocol relating to the Status of Refugees, which contains no filing deadline and to which the United

---

[1]To the extent Guzman raises other arguments expressing his dissatisfaction with the immigration judge's determination Guzman failed to demonstrate changed circumstances, we hold these are not the types of claims Congress intended us to have jurisdiction to consider. See, e.g., Manani v. Filip, 552 F.3d 894, 900 n.3 (8th Cir. 2009) ("A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.") (internal quotation marks and citation omitted).

States is a signatory, trumps the statutory limitations in 8 U.S.C. § 1158(a)(2)(B) and (D). "Although this argument presents a question of law under [8 U.S.C.] § 1252(a)(2)(D), we may not consider it because [Guzman] failed to raise the issue before the BIA." Manani, 552 F.3d at 900.

Finally, we have jurisdiction to consider Guzman's claim the BIA improperly denied his application for withholding of removal. See id. However, based on the record before us, we hold substantial evidence supports the BIA's alternative holding that because Guzman failed to prove a past or well-founded fear of future persecution necessary to receive asylum, Guzman necessarily failed to prove he was eligible for withholding of removal. See Malonga v. Holder, 621 F.3d 757, 764 (8th Cir. 2010) ("We consider administrative findings of fact under the deferential substantial-evidence standard."); Malgona v. Mukasey, 546 F.3d 546, 551 n.2 (8th Cir. 2008) ("Withholding of removal, unlike asylum, is not subject to a one-year filing period. . . . The clear probability standard for withholding of removal is more onerous than the well-founded fear standard for asylum.").

Accordingly, consistent with this opinion, we dismiss Guzman's petition for our review to the extent we lack jurisdiction. Further, for the foregoing reasons, we deny the remainder of the petition.

_____