**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-2239**

---

HUGO R. SANTOS,

        Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  June 5, 2012        Decided:  June 13, 2012

---

Before DUNCAN, AGEE, and FLOYD, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

H. Glenn Fogle, Jr., THE FOGLE LAW FIRM, LLC, Atlanta, Georgia, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, Jessica E. Sherman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hugo R. Santos, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. For the reasons set forth below, we dismiss the petition for review.

In his brief before the court, Santos challenges the denial of his request for cancellation of removal and contends that the Board erred as a matter of law in refusing to reopen his case. He argues that the agency erred in concluding that he failed to meet his burden of establishing that his two United States citizen children would suffer exceptional and extremely unusual hardship if he is returned to Guatemala.[1]

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2006), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. The determination that Santos failed to demonstrate the requisite hardship was clearly

---

[1] As correctly noted by the Attorney General, Santos has not challenged the Board's conclusion that he failed to establish prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. He has therefore waived appellate review of this issue. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

discretionary in nature, and we therefore lack jurisdiction to review challenges to this finding. See, e.g., Barco-Sandoval v. Gonzales, 516 F.3d 35, 36 (2d Cir. 2008); Memije v. Gonzales, 481 F.3d 1163, 1164 (9th Cir. 2007); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006); Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."). Indeed, we have concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001).

The fact that Santos is seeking review of the Board's denial of his motion to reopen, as opposed to the agency's initial denial of his request for cancellation of removal, is of no consequence. To determine whether we have jurisdiction over the Board's denial of Santos' motion to reopen, we "must consider the [Board]'s basis for the denial." Sorcia v. Holder, 643 F.3d 117, 126 (4th Cir.), cert. denied, 132 S. Ct. 776 (2011). "Where the [Board] ma[k]e[s] a discretionary decision on the merits of an enumerated provision [of § 1252(a)(2)(B)(i)], the fact that it d[oes] so through denying a motion to reopen d[oes] not save appellate jurisdiction."

3

<u>Obioha</u>, 431 F.3d at 407; <u>accord</u> <u>Alzainati v. Holder</u>, 568 F.3d 844, 849 (10th Cir. 2009) ("Because § 1252(a)(2)(B)(i) precludes our review of an 'exceptional and extremely unusual hardship' determination under § 1229b(b)(1)(D), it also precludes our jurisdiction to review the [Board]'s denial of a motion to reopen because the alien still has failed to show the requisite hardship.").

Here, Santos submitted additional evidence with his motion to reopen, including evidence that his daughters suffered from post-traumatic stress disorder and background evidence of violence against women in Guatemala, in an attempt to show that his children would suffer the requisite hardship if he is removed from the United States. In denying the motion to reopen, the Board concluded that this new evidence was "insufficient to show that the reopening is warranted for further consideration of cancellation of removal." Because the Board clearly concluded that Santos had still failed to meet his burden of demonstrating that his children would suffer exceptional and extremely unusual hardship if he is returned to Guatemala, we find ourselves without jurisdiction.

Accordingly, we dismiss the petition for review.[2]  We deny the joint motion to hold the case in abeyance.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[2] We note that Santos raises no colorable questions of law or constitutional claims that fall within the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals").