**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2282

DARIO A. DELGADO, a/k/a Dario Toledo Delgado, a/k/a Dario
Arroyo Delgado,

        Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  September 19, 2013     Decided:  October 3, 2013

Before KING, WYNN, and DIAZ, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Martin R. Robles-Avila, FEDERAL IMMIGRATION COUNSELORS, P.C.,
San Francisco, California, for Petitioner.  Stuart F. Delery,
Assistant Attorney General, Cindy S. Ferrier, Assistant
Director, Song E. Park, Senior Litigation Counsel, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dario A. Delgado, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his application for cancellation of removal under 8 U.S.C. § 1229b (2006). The Attorney General moves to dismiss the petition on the basis that this court lacks jurisdiction. We deferred action on the motion pending receipt of Delgado's brief. Having reviewed the brief, we grant the motion to dismiss and dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2006), "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b[.]" See Sorcia v. Holder, 643 F.3d 117, 124-25 (4th Cir. 2011) (finding no jurisdiction to review discretionary denial of cancellation of removal absent constitutional claim or question of law). Here, the immigration judge found, and the Board explicitly agreed, that Delgado failed to meet his burden of establishing that his United States citizen children would suffer an exceptional and extremely unusual hardship if he is removed to Mexico.

"[A]n 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction." Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir. 2003); see also, e.g.,

2

Barco-Sandoval v. Gonzales, 516 F.3d 35, 36 (2d Cir. 2008); Memije v. Gonzales, 481 F.3d 1163, 1164 (9th Cir. 2007); Martinez v. Attorney Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006); Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal . . . ."). Indeed, this court has concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001). Nevertheless, this court retains jurisdiction to review colorable constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D); see also Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009).

We have reviewed Delgado's claims of error and conclude that he fails to raise a constitutional claim or a question of law. We note that Delgado confuses the weight the Agency gives to a factual finding and the factual finding itself. Because he challenges the Board's decision to reach a different conclusion regarding the weight a particular factual finding was to be given, he fails to raise a reviewable claim. See Sorcia, 643 F.3d at 125. Delgado's challenge to the immigration judge's decision to rely in part on the Board's

3

precedential decisions does not state a colorable constitutional claim or question of law. We reach the same conclusion after reviewing the remainder of Delgado's claims.

Accordingly, we grant the Attorney General's motion to dismiss and dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED