**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-1938**

---

DOMINGO GERMAN ALENCASTRO,

       Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

       Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: January 14, 2014     Decided: January 29, 2014

---

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

H. Glenn Fogle, Jr., THE FOGLE LAW FIRM, LLC, Atlanta, Georgia, for Petitioner. Stuart F. Delery, Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, Franklin M. Johnson, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Domingo German Alencastro, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his application for cancellation of removal under 8 U.S.C. § 1229b (2012). We dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." See Sorcia v. Holder, 643 F.3d 117, 124-25 (4th Cir. 2011) (finding no jurisdiction to review discretionary denial of cancellation of removal absent constitutional claim or question of law). Here, the immigration judge found, and the Board agreed, that Alencastro failed to meet his burden of establishing that his United States citizen father and daughter would suffer exceptional and extremely unusual hardship if he is removed to Mexico.

"[A]n 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction." Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir. 2003); see, e.g., Barco-Sandoval v. Gonzales, 516 F.3d 35, 36 (2d Cir. 2008); Memije v. Gonzales, 481 F.3d 1163, 1164 (9th Cir. 2007);

2

Martinez v. U.S. Att'y. Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006); Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."). Indeed, this court has concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001). Nevertheless, this court retains jurisdiction to review colorable constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D); Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009).

We have reviewed Alencastro's claims of error and conclude that he fails to raise a constitutional claim or a question of law. Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED